**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**
**READING DIVISION**

| | |
|---|---|
| **In re:**<br><br>**JAMES W. SURGEONER,**<br><br>Debtor | **Chapter 13 Bankruptcy**<br><br>**Bankruptcy No. 13-10040 REF** |

**EIGHTH AMENDED CHAPTER 13 PLAN**

1. The Debtor shall pay the sum of $63,217.38 to the Chapter 13 Trustee, as follows:

    a. The sum of $49,092.00 has already been paid to the Chapter 13 Trustee.

    b. On May 3, 2017, the Debtor shall pay to the Trustee the sum of $1,052.82.

    c. Starting on June 3, 2017, through and including July 3, 2017, the Debtor shall pay to the Trustee the sum of $1,202.82 monthly for a period of 2 months.

    d. Starting on August 3, 2017, through and including January 3, 2018, the Debtor shall pay to the Trustee the sum of $1,777.82 monthly for a period of 6 months.

2. From the payments so received, the Trustee shall make disbursements as follows:

    a. Full payment in deferred cash payments of all claims entitled to priority under 11 U.S.C. Section 507, as follows:

        i. Trustee's commissions.

        ii. Approved attorney's fees for services rendered by Debtors' counsel in this bankruptcy proceeding.

        iii. Internal Revenue Service (Proof of Claim No. 22) (2015 federal income taxes): The entire claim will be paid through the Chapter 13 Plan.

    b. Holders of allowed secured claims shall retain the liens securing such claims and shall be provided for as follows:

        i. Wells Fargo Bank (Proof of Claim No. 15) (1st mortgage on residential real estate): Pre-petition arrears will be paid through the Plan. Payments arising post-petition will be paid outside the Plan.

      ii. M & T Bank (Proof of Claim No. 7) (2nd mortgage on residential real estate): Pre-petition arrears will be paid through the Plan. Payments arising post-petition will be paid outside the Plan.

      iii. Susquehanna Bank (Proof of Claim No. 18) (Secured by the Debtor's 2001 Ford F150): The creditor is current. Payments arising post-petition will be paid outside the Plan.

  c. Subsequent to dividends to secured creditors, dividends to unsecured creditors whose claims are duly allowed shall be paid pro rata.

3. The following executory contracts of the Debtor are rejected: None.

4. Title to the Debtor's property shall revest in the Debtor upon the closing of the case.

Date: May 7, 2017

        **Respectfully submitted,**

        **Hartman, Valeriano, Magovern & Lutz, PC**

**by:**    /s/ George M. Lutz
_____
**George M. Lutz, Esquire**
**1100 Berkshire Boulevard, Suite 301**
**Wyomissing, PA  19610**
**Pa. Attorney ID No.: 46437**